IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYNARD VALLERY,<br><br>    Plaintiff,<br><br>    v.<br><br>DEGALLEGOS, et al.,<br><br>    Defendants. | No. 2:19-CV-1813-DMC-P<br><br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (ECF No. 1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Raynard Vallery has named the following as defendants: 1) Degallegos, 2) D. Halverson, and 3) R. Neuschmid. Plaintiff is a prisoner at Solano State Prison in Vacaville, California.

On November 27, 2019, plaintiff was called to transfer from housing facility B to housing facility C. This transfer would not allow plaintiff to keep his television in the new facility because of an increased risk of fire. Plaintiff was instructed by the prison staff to leave his television behind and follow procedures to have it moved to a safe location. Within a few weeks, plaintiff was informed that his television was confiscated and taken to storage. Plaintiff returned to facility B without permission to inquire as to the status of his television. There, he was told by Officer Degallegos that his television was in storage. Degallegos allegedly threatened to handcuff plaintiff and issue him a citation if he entered the facility without permission again.

On December 13, 2017, plaintiff made an administrative inquiry to Corrections Officer Martin as to the whereabouts of his television. Martin failed to respond and plaintiff subsequently contacted prison representative Oliver, requesting assistance in locating his television. Plaintiff was eventually told by prison staff that his television was no longer in storage. Degallegos allegedly disposed of the television because plaintiff failed to fill out the necessary paperwork. Plaintiff contends this was a pretext for Degallegos' retaliation against him, and that he was never given the paperwork to fill out, nor the requisite 30-day waiting period, as is standard policy.

///

///

2

Plaintiff appealed Degallegos' actions to Associate Warden D. Halverson. On February 2, 2018, Halverson denied the appeal, citing 1) plaintiff's failure to fill out the necessary paperwork and 2) plaintiff's failure to mail his television home within the allotted 30-day period. Plaintiff alleges that he was never given the necessary paperwork, nor had the 30-day period expired before his television was destroyed. Plaintiff claims that Halverson knowingly fabricated facts to support Degallegos' retaliation against him.

Plaintiff appealed Halverson's decision to Warden R. Neuschmid. On March 13, 2018, Neuschmid denied the appeal on the same grounds of Halverson's denial. Plaintiff similarly alleges that Neuschmid knowingly fabricated facts to support Degallegos' retaliation against him.

Lastly, plaintiff alleges that his building cluster, buildings 13, 14, and 15, prohibits the possession of televisions despite the fact that buildings 16, 17, and 18 allow prisoners to keep their televisions. Prison staff claim this distinction is made to prevent fire hazards, but plaintiff alleges it is a pretext for unequal treatment of prisoners.

## II. DISCUSSION

### A. **Retaliation**

Plaintiff fails to make out a cognizable claim of retaliation against any of the named defendants.

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). Thus, the prisoner plaintiff must

establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes, 408 F.3d at 568.

As to the chilling effect, the Ninth Circuit in Rhodes observed: "If Rhodes had not alleged a chilling effect, perhaps his allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect." Id. at n.11. By way of example, the court cited Pratt in which a retaliation claim had been decided without discussing chilling. See id. This citation is somewhat confusing in that the court in Pratt had no reason to discuss chilling because it concluded that the plaintiff could not prove the absence of legitimate penological interests. See Pratt, 65 F.3d at 808-09. Nonetheless, while the court has clearly stated that one of the "basic elements" of a First Amendment retaliation claim is that the adverse action "chilled the inmates exercise of his First Amendment rights," id. at 567-68, see also Resnick, 213 F.3d at 449, the comment in Rhodes at footnote 11 suggests that adverse action which is more than minimal satisfies this element. Thus, if this reading of Rhodes is correct, the chilling effect element is essentially subsumed by adverse action.

### 1. Defendant Degallegos

Here, plaintiff claims that Officer Degallegos took adverse action against him; namely by disposing of his television without following proper prison policy. This conduct resulted in the deprivation of plaintiff's property, so, under Rhodes, it may be argued that plaintiff suffered a chilling effect. Lastly, defendant adequately alleges that Degallegos' unauthorized destruction of his property was retaliatory and not in service to a legitimate penological purpose.

However, plaintiff does not satisfy the second element of a retaliation claim. Plaintiff has failed to state (1) the type of protected conduct he was allegedly engaged in, and (2) that Degallegos retaliated against plaintiff because of that conduct. Plaintiff does mention the reason for the named defendant's alleged retaliation. The complaint simply makes conclusory statements that Degallegos retaliated against him for "being out of bounds." See ECF No 1. at 7. Plaintiff states that he returned to his old housing unit without permission and asked Degallegos

4

about his television's whereabouts. However, it is unclear if plaintiff is alleging that Degallegos destroyed his television in response to this action. Similarly, plaintiff mentions that he made inquiries to prison agents Martin and Oliver prior to learning that his television was destroyed. However, it is not clear if plaintiff alleges that Degallegos destroyed his television in response to these inquiries.

"The Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants. It is settled that the allegations of [a pro se litigant's complaint] however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and internal quotation marks omitted; brackets in original). The rule, however, "applies only to a plaintiff's factual allegations." See Neitzke v.Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" See Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Here, in order to find a retaliatory purpose from the plaintiff's factual allegations, the Court would have to make broad logical assumptions as to why Degallegos destroyed plaintiff's television. While pro se litigants are entitled to a liberal construction of their pleadings, they must still do the work of fully articulating their claims. Plaintiff's factual allegations against Degallegos satisfy some elements of a § 1983 retaliation claim, but they do not satisfy all of them. Therefore, plaintiff has failed to articulate a valid retaliation claim against Degallegos.

**2.  Defendants D. Halverson and R. Neuschmid**

In regard to defendants, D. Halverson and R. Neuschmid, the plaintiff also fails to adequately state a claim for retaliation. Plaintiff claims the named defendants took adverse action against him by denying his appeals based on fabricated facts. Plaintiff goes so far so to allege that both Halverson and Neuschmid knew that Degallegos' conduct was retaliatory and willing aided him in his retaliation. These statements properly claim adverse action by the defendants against the plaintiff.

/ / /

However, like Degallegos, plaintiff fails to articulate (1) the type of protected conduct he was allegedly engaged in, and (2) that both named defendants retaliated against plaintiff because of that conduct. For these reasons, plaintiff has failed to adequately state a claim for retaliation against any of the named defendants.

**B.     14th Amendment – Due Process**

Plaintiff fails to make out a cognizable claim under the Due Process Clause of the 14th Amendment.

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Due process protects against the deprivation of property where there is a legitimate claim of entitlement to the property. See Bd. of Regents, 408 U.S. at 577. Protected property interests are created, and their dimensions are defined, by existing rules that stem from an independent source − such as state law − and which secure certain benefits and support claims of entitlement to those benefits. See id.

In order to make out a claim under Section 1983 for deprivation of property without due process of law, an inmate must establish that the deprivation of property occurred as a result of some established state procedure. See Parratt v. Taylor 451 U.S. 527, 542 (1981). Where a prisoner alleges the deprivation of a liberty or property interest caused by the random and unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984). An available state common law tort claim procedure to recover the value of property is an adequate remedy. See id. at 128-29.

Here, plaintiff claims that his due process rights were violated by defendant Degallegos when he disregarded established prison protocol and destroyed his property. However, this alleged conduct, alone, does not give rise to a cause of action under the Due Process Clause. Plaintiff does not argue that his television was destroyed due to an adherence to

prison policy. On the contrary, plaintiff alleges that Degallegos disregarded policy by failing to provide him with the necessary paperwork and destroying his television before the 30-waiting period expired. Plaintiff does not suggest that he was deprived of his property as the result of some established state procedure. Instead, plaintiff alleges that the named defendants disregarded prison rules and fabricated facts. This conduct, if true, does not give rise to a Due Process claim, though it may give rise to a state common law tort claim.

### C. 14th Amendment – Equal Protection

Plaintiff fails to make out a cognizable claim under the Equal Protection Clause of the 14th Amendment.

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Equal protection claims are not necessarily limited to racial and religious discrimination. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect class) see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals where no allegation of race-based discrimination was made); Hightower v. Schwarzenegger, 2007 WL 732555 (E.D. Cal. March 19, 2008).[1]

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940

---

[1] **Error! Main Document Only.**Strict scrutiny applies to equal protection claims alleging race-based or religious discrimination (i.e., where the plaintiff is member of a "protected class"); minimal scrutiny applies to all other equal protection claims. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001).

F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

Here, plaintiff claims he was discriminated against, in violation of the 14th Amendment, because he was not allowed to take his television with him into his new housing unit, despite the fact that inmates in other housing units are allowed to keep their televisions. From the facts alleged in plaintiff's complaint, the reason for this distinction appears to be that plaintiff's housing unit poses a greater fire risk than others. See ECF No. 1 at 6. Since this is not a classification based on race, religion, gender, or any other suspect classification, minimal scrutiny applies, and plaintiff must allege that defendants acted with intentional discrimination against plaintiff and that such conduct did not relate to a legitimate penological purpose. Nothing in plaintiff's complaint alleges that the prison barred inmates in facility B from possessing televisions for a discriminatory purpose nor does it allege that preventing the risk of fire does not serve a legitimate penological purpose. Plaintiff simply states that defendants D. Halverson and R. Neuschmid violated his 14th Amendment rights when the "defendants allow[ed] the majority of inmates to have [t]elevisions and not Mr. Vallery for no probable cause." ECF No.1 at 12. This is insufficient. Plaintiff must make out an intentionally discriminatory purpose. Therefore, there is no cognizable Equal Protection Claim.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: October 4, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE