1
2
3
4
5
6
7
8                        **IN THE UNITED STATES DISTRICT COURT**

9                       **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    RAYNARD VALLERY,                              No.  2:19-CV-01813-JAM-DMC-P

12                      Plaintiff,

13            v.                                    FINDINGS AND RECOMMENDATIONS

14    DEGALLEGOS, et al.,

15                      Defendants.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983. Pending before the Court is plaintiff's first amended complaint (ECF No. 11).

19            The Court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21    § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26    means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

27    1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28    complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

                                                   1

1  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege

2  with at least some degree of particularity overt acts by specific defendants which support the

3  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4  impossible for the Court to conduct the screening required by law when the allegations are vague

5  and conclusory.

6

7  ### I.  PLAINTIFF'S ALLEGATIONS

8  Plaintiff Raynard Vallery has named the following as defendants: 1) Degallegos,

9  2) D. Halverson, and 3) R. Neuschmid. Plaintiff is a prisoner at Solano State Prison in Vacaville,

10  California.

11  On November 27, 2019, plaintiff was called to transfer from housing facility B to

12  housing facility C. This transfer would not allow plaintiff to keep his television in the new facility

13  because of an increased risk of fire. Plaintiff was instructed by the prison staff to leave his

14  television behind and follow procedures to have it moved to a safe location. Within a few weeks,

15  plaintiff was informed that his television was confiscated and taken to storage. Plaintiff returned

16  to facility B without permission to inquire as to the status of his television. There, he was told by

17  Officer Degallegos that his television was in storage. Degallegos allegedly threatened to handcuff

18  plaintiff and issue him a citation if he entered the facility without permission again.

19  On December 13, 2017, plaintiff made an administrative inquiry to Corrections

20  Officer Martin as to the whereabouts of his television. Martin failed to respond and plaintiff

21  subsequently contacted prison representative Oliver, requesting assistance in locating his

22  television. Plaintiff was eventually told by prison staff that his television was no longer in storage.

23  Degallegos allegedly disposed of the television because plaintiff failed to fill out the necessary

24  paperwork. Plaintiff contends this was a pretext for Degallegos' retaliation against him, and

25  that he was never given the paperwork to fill out, nor the requisite 30-day waiting period, as is

26  standard policy.

27  / / /

28  / / /

2

1    Plaintiff appealed Degallegos' actions to Associate Warden D. Halverson. On

2    February 2, 2018, Halverson denied the appeal, citing 1) plaintiff's failure to fill out the necessary

3    paperwork and 2) plaintiff's failure to mail his television home within the allotted 30-day period.

4    Plaintiff alleges that he was never given the necessary paperwork, nor had the 30-day period

5    expired before his television was destroyed. Plaintiff claims that Halverson knowingly fabricated

6    facts to support Degallegos' acts of retaliation against him.

7    Plaintiff appealed Halverson's decision to Warden R. Neuschmid. On March 13,

8    2018, Neuschmid denied the appeal on the same grounds of Halverson's denial. Plaintiff similarly

9    alleges that Neuschmid knowingly fabricated facts to support Degallegos' acts of retaliation

10    against Plaintiff. Lastly, plaintiff alleges that his building cluster, buildings 13, 14, and 15,

11    prohibits the possession of televisions despite the fact that buildings 16, 17, and 18 allow

12    prisoners to keep their televisions. Prison staff claim this distinction is made to prevent fire

13    hazards, but plaintiff alleges it is a pretext for unequal treatment of prisoners.

14

15                    **II.  DISCUSSION**

16    On October 7, 2019, the Court provided plaintiff leave to amend to address

17    deficiencies in his original complaint.  See ECF No. 8.  The Court found that plaintiff failed to

18    establish cognizable claims for retaliation or violations of plaintiff's due process or equal

19    protection rights.

20    Regarding retaliation, the Court stated:

21                    Here, plaintiff claims that Officer Degallegos took adverse
            action against him; namely by disposing of his television without following
22          proper prison policy. . . .
                    . . .Plaintiff has failed to state (1) the type of protected
23          conduct he was allegedly engaged in, and (2) that Degallegos retaliated
            against plaintiff because of that conduct. Plaintiff does mention the reason
24          for the named defendant's alleged retaliation. The complaint simply makes
            conclusory statements that Degallegos retaliated against him for "being
25          out of bounds." See ECF No 1. at 7. Plaintiff states that he returned to his
            old housing unit without permission and asked Degallegos about his
26          television's whereabouts. However, it is unclear if plaintiff is alleging that
            Degallegos destroyed his television in response to this action. Similarly,
27          plaintiff mentions that he made inquiries to prison agents Martin and
            Oliver prior to learning that his television was destroyed. However, it is
28          not clear if plaintiff alleges that Degallegos destroyed his television in

response to these inquiries.

"The Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants. It is settled that the allegations of [a pro se litigant's complaint] however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." <u>See</u> <u>Eldridge v. Block</u>, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and internal quotation marks omitted; brackets in original). The rule, however, "applies only to a plaintiff's factual allegations." <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" <u>See</u> <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

Here, in order to find a retaliatory purpose from the plaintiff's factual allegations, the Court would have to make broad logical assumptions as to why Degallegos destroyed plaintiff's television. While pro se litigants are entitled to a liberal construction of their pleadings, they must still do the work of fully articulating their claims. Plaintiff's factual allegations against Degallegos satisfy some elements of a § 1983 retaliation claim, but they do not satisfy all of them. Therefore, plaintiff has failed to articulate a valid retaliation claim against Degallegos.

* * *

In regard to defendants, D. Halverson and R. Neuschmid, the plaintiff also fails to adequately state a claim for retaliation. Plaintiff claims the named defendants took adverse action against him by denying his appeals based on fabricated facts. Plaintiff goes so far so to allege that both Halverson and Neuschmid knew that Degallegos' conduct was retaliatory and willing aided him in his retaliation. These statements properly claim adverse action by the defendants against the plaintiff.

However, like Degallegos, plaintiff fails to articulate (1) the type of protected conduct he was allegedly engaged in, and (2) that both named defendants retaliated against plaintiff because of that conduct. For these reasons, plaintiff has failed to adequately state a claim for retaliation against any of the named defendants.

ECF No. 8, pgs. 4-6.

Regarding due process, the Court stated:

. . .[P]laintiff claims that his due process rights were violated by defendant Degallegos when he disregarded established prison protocol and destroyed his property. However, this alleged conduct, alone, does not give rise to a cause of action under the Due Process Clause. Plaintiff does not argue that his television was destroyed due to an adherence to prison policy. On the contrary, plaintiff alleges that Degallegos disregarded policy by failing to provide him with the necessary paperwork and destroying his television before the 30-waiting period expired. Plaintiff does not suggest that he was deprived of his property as the result of some established state procedure. Instead, plaintiff alleges that the named defendants disregarded prison rules and fabricated facts. This conduct, if true, does not give rise to a Due Process claim, though it may give rise to a state common law tort claim.

ECF No. 8, pgs. 6-7.

4

1      Regarding equal protection, the Court stated:

2              . . .[P]laintiff claims he was discriminated against, in
       violation of the 14th Amendment, because he was not allowed to take his
3      television with him into his new housing unit, despite the fact that inmates
       in other housing units are allowed to keep their televisions. From the facts
4      alleged in plaintiff's complaint, the reason for this distinction appears to
       be that plaintiff's housing unit poses a greater fire risk than others. <u>See</u>
5      ECF No. 1 at 6. Since this is not a classification based on race, religion,
       gender, or any other suspect classification, minimal scrutiny applies, and
6      plaintiff must allege that defendants acted with intentional discrimination
       against plaintiff and that such conduct did not relate to a legitimate
7      penological purpose. Nothing in plaintiff's complaint alleges that the
       prison barred inmates in facility B from possessing televisions for a
8      discriminatory purpose nor does it allege that preventing the risk of fire
       does not serve a legitimate penological purpose. Plaintiff simply states that
9      defendants D. Halverson and R. Neuschmid violated his 14th Amendment
       rights when the "defendants allow[ed] the majority of inmates to have
10     [t]elevisions and not Mr. Vallery for no probable cause." ECF No.1 at 12.
       This is insufficient. Plaintiff must make out an intentionally discriminatory
11     purpose. Therefore, there is no cognizable Equal Protection Claim.

12     ECF No. 8, pg. 8.

13            Plaintiff was provided an opportunity to amend the original complaint to address

14     the defects identified in the October 7, 2019, order. <u>See</u> <u>id.</u> at 8-9.  The Court finds that plaintiff's

15     first amended complaint continues to suffer from the same defects.  Because it appears that

16     plaintiff is either unwilling or unable to cure the defects addressed in the Court's prior order,

17     further leave to amend is not warranted.

18     / / /

19     / / /

20     / / /

21     / / /

22     / / /

23     / / /

24     / / /

25     / / /

26     / / /

27     / / /

28     / / /

5

1

### III.  CONCLUSION

2        Because it does not appear possible that the deficiencies identified herein can be

3 cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

4 the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

5        Based on the foregoing, the undersigned recommends that this action be dismissed.

6        These findings and recommendations are submitted to the United States District

7 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

8 after being served with these findings and recommendations, any party may file written

9 objections with the court.  Responses to objections shall be filed within 14 days after service of

10 objections.  Failure to file objections within the specified time may waive the right to appeal.  See

11 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12

13 Dated:  July 23, 2020

14 _____

15 DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28